# SHER TREMONTE LLP

**BY ECF**  February 25, 2025
The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 21A
New York, NY 10007-1312
BuchwaldNYSDChambers@nysd.uscourts.gov


    Re:    *John Doe v. Sean Combs, et al.*, **24-CV-08812 (NRB)**
              **Combs Defendants' Request for a Pre-Motion Conference**

Dear Judge Buchwald:

    We write on behalf of our clients Sean Combs ("Mr. Combs"), Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., and Bad Boy Entertainment LLC (collectively, the "Combs Defendants," and excluding Mr. Combs, the "Company Defendants"), pursuant to the Court's Individual Rule 2(B), to request a pre-motion conference regarding the Combs Defendants' anticipated motion to dismiss Plaintiff John Doe's Complaint (ECF #1, the "Complaint") in its entirety with prejudice.

    Plaintiff alleges that, in October 2001, he was sexually assaulted by Mr. Combs in a hotel in New York City. Plaintiff's sole cause of action, brought under New York City's Victims of Gender-Motivated Violence Protection Law ("GMVL"), fails as a matter of law and should not make it past the pleading stage.

    Plaintiff's GMVL claim fails because it is time-barred. Plaintiff's claim expired more than fifteen years before he commenced this lawsuit because the statute of limitations for a GMVL claim is seven years. *See* N.Y.C. Admin. Code § 10-1104. And the GMVL's revival window—which purports to extend into 2025 (*see id*.)— does not apply because it is preempted by overlapping New York state laws (the Adult Survivors' Act and Child Victims' Act) governing the revival of sexual assault claims. *See Parker v. Alexander*, No. 24-CV-4813 (LAK), 2025 WL 268436, at *2-3 (S.D.N.Y. Jan. 22, 2025) (holding that the GMVL's revival window is preempted by the CVA and ASA); *Bellino v. Tallarico*, No. 24-cv-0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024) (same). Because the controlling revival windows under New York State law had expired before this action was filed, a longer revival window under New York City's local laws cannot be applied to render the claim timely.

    Moreover, even if it were timely (it is not), Plaintiff's GMVL claim would still independently fail because it does not allege the required element of gender animus. Plaintiff does not allege facts sufficient to support a plausible inference that Mr. Combs' alleged same-sex assault against him was somehow motivated Mr. Combs' hatred for his own gender. To the contrary, Plaintiff (falsely and maliciously) alleges that Mr. Combs has a long history of victimizing both men and women indiscriminately. *See Hughes v.*

Hon. Naomi Reice Buchwald
February 25, 2025
Page 2

*Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) (dismissing GMVL claim for failure to plead "any facts showing that defendant's alleged acts demonstrated any hostility based on gender").[1]

Even if Plaintiff had pled a GMVL claim against Mr. Combs (he has not), the claim against the Company Defendants necessarily fails. The GMVL only applied to natural persons, not entities, until it was amended in 2022. As courts in this district have unanimously held (including in a recent case against Mr. Combs), the GMVL therefore cannot be retroactively applied to company conduct pre-dating 2022. *See Doe v. Combs,* No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *2 (S.D.N.Y. Dec. 5, 2024) (holding that GMVL cannot be applied retroactively to alleged company conduct pre-dating 2022); *Bensky v. Indyke*, No. 24-CV-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024) (indirect liability claim under GMVL cannot be applied retroactively to conduct pre-dating 2022). Plaintiff alleges he was assaulted over twenty years before the GMVL was amended to apply to companies. Consequently, his claim against the Company Defendants necessarily fails.

Moreover, even if the GMVL could be applied to the Company Defendants (it cannot), there are no allegations of specific conduct by them that could render them liable under the GMVL. The Complaint fails to differentiate at all between the Company Defendants, nor does it allege any specific conduct by them. The Complaint's vague and conclusory refences to the Company Defendants do not suffice to show that they "direct[ed], enable[d], participate[d] in, or otherwise conspire[d] in the commission of a crime of violence motivated by gender" as required to state a GMVL claim against them. N.Y.C. Admin. Code § 10-1104.[2]

Finally, the GMVL claim must fail as against defendants CE OpCo LLC (formed in 2002), Bad Boy Entertainment LLC, and Bad Boy Productions LLC (both formed in 2014) for the additional reason that none of these entities even existed in 2001, when the assault is alleged to have occurred. *See In re Tronox Inc.*, 549 B.R. 21, 47-48 (Bankr. S.D.N.Y 2016) ("no conceivable basis" for liability against company relating to "assault, battery, negligence, trespass, nuisance and other similar claims" when the conduct allegedly "occurred at least five years before [company] came into existence").

For all the foregoing reasons, the Combs Defendants respectfully request a conference with the Court to set a schedule for their anticipated motion to dismiss.

---

[1]  Plaintiff does not allege that Mr. Combs said anything at all during his alleged assault, only that a "a Caucasian man . . . verbally humiliated" Plaintiff while *he*—not Mr. Combs—allegedly assaulted Plaintiff. Compl. ¶ 45.

[2]  The Complaint also does not comply with the mandate of Rule 8(a)(2) of the Federal Rules of Civil Procedure that a complaint "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quotation marks omitted). Plaintiff simply "lump[s] all the [Company Defendants] together" and "provid[es] no factual basis to distinguish their conduct." *See id.* Accordingly, dismissal for impermissible group pleading is warranted. *See*, *e.g.*, *Bardwil Indus. Inc. v. Kennedy*, No. 19 Civ. 8211 (NRB), 2020 WL 2748248, at *3 (S.D.N.Y. May 27, 2020).

Hon. Naomi Reice Buchwald
February 25, 2025
Page 3

                                                  Respectfully submitted,

                                                  */s/ Mark Cuccaro*
                                                  Michael Tremonte
                                                  Mark Cuccaro
                                                  Erica A. Wolff
                                                  Raphael A. Friedman


CC:   All Counsel of Record (via ECF)