# CURIS LAW, PLLC
52 Duane Street, Floor 7 | New York, NY 10007
Tel: 646.335.7220 | Fax: 315.660.2610
www.curislaw.com

March 5, 2025

**VIA ECF**
The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 21A
New York, NY 10007-1312
BuchwaldNYSDChambers@nysd.uscourts.gov

*Re*: *John Doe v. Sean Combs, et al.*, 24-CV-08812 (NRB)

Dear Judge Buchwald:

      We write on behalf of Plaintiff John Doe ("Plaintiff"), in response to Sean Combs ("Mr. Combs"), Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., and Bad Boy Entertainment LLC's (collectively, the "Combs Defendants," and excluding Mr. Combs, the "Company Defendants") letter motion, dated February 25, 2025 (Dkt. No. 32), pursuant to which Defendants request leave to file a motion to dismiss Plaintiff's Complaint (Dkt. No. 1) (the "Complaint").

      The Defendants intend to move for dismissal on the grounds that (1) the Complaint is time barred; (2) Plaintiff's GMVL claim fails because it does not allege the required element of gender animus; (3) the claims against the Company Defendants fail and the Complaint lacks evidence of specific conduct by the Company Defendants; and (4) that the claims against CE OpCo LLC, Bad Boy Entertainment LLC, and Bad Boy Productions LLC fail because they were formed after the alleged sexual abuse.

      The Defendants' arguments that the Claims are time barred and that the Company Defendants are essentially shielded from liability are both baseless. The crux of Defendants' argument pursuant to Federal Rule 12(b)(6) is that the VGMVPL cannot apply retroactively against corporate defendants, and that Plaintiff's claims regarding sexual abuse he suffered in 2001 should therefore be dismissed. In support of their arguments, Defendants rely on *Doe v. Combs*, 23-cv-10628 (JGLC) 2024 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024), wherein the Court held that 2022 amendment to the VGMVPL, which expanded the scope of liability so as to apply to any "party," cannot be applied retroactively against corporate defendants, because the original VGMVPL applied only to any "individual."

As originally enacted, the VGMVPL provided victims of gender-motivated crimes of violence with a cause of action against only the individual who perpetrated the crime. (See NYC Municipal Code Title 10, Chapter 11, §10-1104, eff. Dec. 19, 2000.) Effective January 2022, the City Council amended §10-1104 to provide "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motived by gender has a cause of action against such party." (§10-1104, eff. Jan. 9, 2022.) In the same enactment, the City Council also amended §10-1105, entitled "Limitations," to provide: "any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitations has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." Taken together, the two amendments (1) expanded liability to non-perpetrator defendants where no liability had previously existed and (2) revived causes of action brought under the statute whose limitations period had already expired. Neither §10-1104 nor §10-1105 have express provisions that apply the VGMVPL to causes of actions accruing before its 2000 enactment.

Defendants' arguments are contrary to the VGMVPL's primary intention: to make it easier for victims of gender-motivated violence to seek civil remedies in court—not, as Defendants would have it, make it harder. New York City passed the VGMVPL "[i]n light of the void left by the Supreme Court's decision" in *United States v. Morrison*. N.Y.C. Admin. Code § 8-902. *Morrison* struck down the federal right of action for victims of gender-motivated violence under the Violence Against Women Act (VAWA) (42 U.S.C. § 13981), holding that Congress lacked the authority under the Commerce Clause and the Fourteenth Amendment to pass such a remedy. 529 U.S. 598, 627 (2000).

"It is fundamental that in interpreting a statute, the court should attempt to effectuate the intent of the Legislature." *Cadiz-Jones*, 2002 WL 34697795, at *1 (Sup. Ct. NY. Cnty. Apr. 9, 2002) (holding VGMVPL was intended to apply retroactively) (citing *Patrolmen's Benevolent Assn. v City of New York*, 41 N.Y.2d 205, 208 (1976)). The Council intended the VGMVPL to make it easier for victims of gender-motivated violence to seek court remedies. *Id.* It intended the same when it passed the 2022 amendment to the law. *See, e.g., City Council H'rg Testimony* (Nov. 29, 2021) at 41 (testimony in support of act's passage describing sexual abuse in 1993); Hr'g Tr. (Nov. 29, 2021) at 129–30 ("In summary, there is no timeline on processing trauma. Not passing this Bills means we would be denying what it means to be fundamentally human and denying the research and the science that it takes some of us longer than other, not only to come forward, but to tell our story."), 131 ("I am here to tell you that a victim doesn't have a set time for when they came come forward. . . . Please pass the amendment to allow the window for justice to be pursued by all victims of gender-motivated violence." (emphasis added)). "Based on an analysis of statutory text and history" it is clear that "the legislative body intended [the VGMVPL] to apply retroactively." *Cadiz-Jones*, 2002 WL 34697795, at *1.1. Based on the foregoing, it is apparent that the Complaint is not time barred and the claims against the Company Defendants are valid.

Moreover, the crux of the Company Defendants' arguments for dismissal pursuant to Rule 8 is that Plaintiff's allegations against the Company Defendants are "too vague" to meet Rule 8's fair notice requirement. Plaintiff respectfully submits that the Company Defendants' arguments are without merit. "Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality,

and therefore is not meant to impose a great burden upon a plaintiff." *See Iconix Brand Grp., Inc. v. Bongo Apparel, Inc.*, No. 06 Civ. 8195, 2008 WL 2695090, at *3 (S.D.N.Y. July 8, 2008). Moreover, it "does not required 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 merely demands more than "naked assertion[s]" and "unadorned, the-defendant-unlawfully-harmed-me accusations." *Id*.

Here, the Complaint alleges in pertinent part as follows:

> The Combs Corporations further enabled and conspired with Combs to commit the crime of violence motivated by gender by actively placing, maintaining, and/or employing Combs in positions of power and authority, despite the fact that they knew and/or should have known that Combs had a widespread and well-known practice of committing sexual assault and gender-motivated violence, including on premises owned and/or operated by Defendants. Combs used his titles and authority conferred by the Combs Business, including as CEO, Founder, and Chairman to facilitate and perpetuate the violent assault on Plaintiff, and to intimidate and force Plaintiff to keep quiet in subsequent years.

*See* Complaint Dkt. No. 1, ¶ 60; *see also* ¶¶ 57-62.

In light of the foregoing, it is respectfully submitted that Plaintiff has "plausibly pleaded on the face of [his] complaint that [he] suffered…harm from [the Company Defendants'] action[s], and that is enough for now." *Tyler v. Hennepin County*, 598 U.S. 631 (2023), and that the Company Defendants' motion should therefore be denied. However, in the event the Company Defendants' motion is granted, Plaintiff respectfully requests leave to replead. *Accord In re Merril Lynch & Co., Research Reports Sec. Litig.*, 2018 F.RD. 76, 79 (S.D.N.Y. 2003).

Furthermore, as discovery has not been exchanged nor have the parties been deposed, it is premature for the Defendants to allege that the Complaint should be dismiss for allegedly failing to establish gender animus. Under the GMVA, a crime is "motivated by gender" if it involves "an animus based on the victim's gender" (NYC Admin. Code §10-1104). Courts have repeatedly held that sexual violence inherently demonstrates gender-based animus. (*Breest v. Haggis* (180 AD3d 83, 94 [1st Dept. 2019]): "Without consent, sexual acts… are a violation of the victim's bodily autonomy and an expression of contempt for that autonomy. Animus inheres where consent is absent."; *Engelman v. Rofe*: Found gender-based animus in sexual assaults involving groping and coerced sexual acts. Here, Plaintiff alleges acts of sexual violence – including oral and anal penetration – that dehumanized him and disregarded his autonomy. Such acts clearly demonstrate gender-based animus.

Additionally, despite Defendants' argument that the claims against CE OpCo LLC, Bad Boy Entertainment LLC, and Bad Boy Productions LLC fail because the entities were formed after the alleged sexual abuse, it is Plaintiff's position that successor liability applies and therefore the case should not be dismissed as against these Defendants. *See Schumacher v. Richards Shear Company, Inc.* 59 N.Y. 2d 239 (Ct. App. 1983), in which the Court of Appeals held that a successor corporation or entity, and/or an entity which formed as a result of a merger, could be responsible for the liabilities of a predecessor entity. The Court stated, "A corporation may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3)

Case 1:24-cv-08812-NRB    Document 35    Filed 03/05/25    Page 4 of 4

the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations. In *Simpson v. Ithaca Gun Co*. LLC 50 A.D. 3d 1475 (4th Dept, 2008), the Court stated that the premise that a successor corporation may be responsible for liabilities of a predecessor corporation is based on the concept that a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the good will purchased.

In light of the foregoing, Plaintiff respectfully requests that the Court deny Defendants' request to file a motion to dismiss in its entirety.

                                                Respectfully,

                                                *Antigone Curis*

                                                Antigone Curis

4